UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEON JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-3256 (UNA) |
| ) | |
| RADLEY AUTOMOTIVE GROUP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

A *pro se* litigant's pleadings are held to less stringent standards than the standard applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff states that defendants terminated his employment on December 15, 2017. Compl. at 2. He asks "this court to conduct a considerable/substantiated review of his wish to

sue [his former] Employer for the unwelcome/unreasonable adversity it has maliciously, and recklessly inflicted upon him." *Id.* at 4.  As drafted, the complaint fails to comply with Rule 8(a).

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'"  *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009).  Plaintiff request for the Court's review of his termination is not an actual case or controversy, and the complaint does not state any basis for this Court's jurisdiction.  Nor does the complaint demand a judgment in his favor or any other form of relief.

For these reasons, the Court will dismiss the complaint and this civil action without prejudice, and grant plaintiff's application to proceed *in forma pauperis*.  An Order is issued separately.

DATE: December 30, 2021                     /s/
                                            CHRISTOPHER R. COOPER
                                            United States District Judge